CONCURRING IN THE JUDGMENT KETHLEDGE, Circuit Judge, concurring in the judgment. The problem in this case is that the plaintiff has sued the wrong defendants. Tara Nikolao alleges that two Wayne County nurses improperly interrogated her about her religion and showed her a “Religious Waiver Note” that offended her. But for whatever reason Nikolao never served the nurses, and thus she gives us no reason to opine on the constitutionality of what went on in that room. That leaves us with Nikolao’s claims against the parties she did serve, namely the Wayne County health department; its director, Dr. Mouhanad Hammami; one of its division directors, Carol Austerberry; and Nick Lyon, director of the state’s Department of Health and Human Services. As an initial matter, I think that Nikolao has standing to assert her claims because if her claims are valid she has suffered a legal injury. See Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). And on the merits I would decide this ease on more narrow grounds than the majority does. Specifically, Nikolao cannot obtain damages from any of these defendants because she does not allege that any of them directed or approved of the nurses’ conduct, or that such conduct is customary at the Wayne County health department. See Polk Cty. v. Dodson, 454 U.S. 312, 325-26, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Moreover, none of these defendants currently publish the Religious Waiver Note, so we have no basis to enjoin any of them from publishing it. See Mosley v. Hairston, 920 F.2d 409, 415 (6th Cir. 1990). Nikolao’s only remaining claim is that the “Certification Rule”—which requires anyone seeking an exemption for any reason to hear first about the benefits of vaccination—is unconstitutional on its face. And that claim fails because the Rule on its face says nothing about religion. I therefore respectfully concur in the judgment.